## LYONS v. EMPIRE FUEL CO.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1921.)

No. 3474.

1. **Costs ⊕⟶199—Not required to be taxed during term when judgment was rendered.**

    Where judgment was for the amount of the verdict "and costs," no amount being specified, in the absence of any statute or rule of court, there is no requirement that the costs shall be taxed during the term at which the judgment was rendered.

2. **Appeal and error ⊕⟶87(10)—Order denying for want of power allowance of costs reviewable.**

    An order, made after judgment, denying a motion of plaintiff for allowance of costs or expenses, when based on want of power in the court to make the allowance, *held* reviewable.

3. **Attachment ⊕⟶193—Expense of keeping attached property taxable as costs.**

    Where coal when attached was in barges owned by plaintiff and was kept in them by the marshal until sold, plaintiff was entitled to have the reasonable rental value of the barges during such time taxed as costs, or to have it allowed as an expense incurred by the marshal on distribution of the fund produced by the sale, and a motion for such allowance is timely, if made at any time before distribution.

4. **Judgment ⊕⟶735—Not conclusive of matter not in issue.**

    A judgment for damages for breach of a contract for carriage of coal by plaintiff, in which he used a number of barges, *held* not to include the value of the use of the barges by the marshal for storage of property attached in the action.

In Error to the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Action at law by John E. Lyons against the Empire Fuel Company. Plaintiff brings error to review orders denying two motions. Reversed.

See, also, 262 Fed. 465.

Murray Seasongood, of Cincinnati, Ohio (Robert P. Goldman, of Cincinnati, Ohio, on the brief), for plaintiff in error.

Frank E. Wood, of Cincinnati, Ohio, for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. This proceeding is an outgrowth of the main suit between the parties hereto, in which a judgment for damages in favor of plaintiff in error, for alleged breach of a contract for river carriage of coal, was affirmed by this court. 257 Fed. 890, 169 C. C. A. 40. The present writ is brought to review the action of the District Court in refusing to allow plaintiff compensation for the use of his barges, in which defendant's coal (then in the barges) was seized by the marshal by virtue of a writ of attachment, and was by that officer kept stored therein during the interval between the time of seizure of the coal (October 31, 1917) and its sale (December 4, 1917). The entire gross proceeds of the sale ($6,600) were placed by the marshal in the registry of the court; the order of sale having re-

quired that officer to hold the entire *net* proceeds of the sale "subject to the further order of this court."

Plaintiff first asked that he be allowed, as part of his costs of suit, the asserted reasonable rental value of the barges—the marshal to be required to include the same in the taxable costs. This motion was denied, for the reasons, first, that the motion came too late, because not made at the term in which the judgment for damages was entered; and, second that the barge rental sought was really damages rather than costs, and that whatever recovery plaintiff was entitled to on that account had been included in the judgment for damages rendered in the main suit. Plaintiff then moved that in distributing the proceeds of sale under the attachment, then in the registry of the court, there be first paid to plaintiff, as an expense thereof, the reasonable rental value referred to. This motion was overruled, without statement of reasons therefor.[1] Error is assigned upon each of these refusals.

[1] 1. In our opinion both plaintiff's motions were seasonably made. As to the motion to tax as costs: The judgment in the main suit not only covered the damages awarded by the jury, with interest thereon, but expressly included "costs," without designation of amount and without limitation as to time of taxation. The costs had not then, and so far as appears have never yet, been taxed. We know of no universal requirement that original taxation of costs be had during the term at which the judgment is rendered, in the absence of express order, or of statute or rule of court to that effect. There is no federal statute or general rule so requiring; plaintiff asserts, without challenge, that the court below has no such rule, and such is not the practice in this court. Plaintiff does not ask a retaxation of costs, nor a new or modified judgment regarding them, but only a determination that the storage expenses be included as costs. It is difficult to see that the proposed taxation involved a greater measure of judicial action than is frequently involved in taxation of costs, especially as related to expenses of preparing and printing record on appeal. But, in our opinion, the form of the judgment for costs amounted to a reservation of the right of later taxation.[2]

As to both motions: Plaintiff had shown no lack of diligence. The marshal's return to the writ of attachment showed the levy and the placing of the seized property in charge of a watchman. He returned, "Fees, $16.48," but without mention of expenses, which manifestly, as applied to the situation here, related only to the future. Pending the execution of the order of sale, plaintiff presented to the marshal a written claim for barge rental at the rate of $10 a day for each barge from the date of levy, stating his expectation that this rental would be paid "out of the proceeds of the sale of the coal." The court's order for the sale gave to the purchaser thereunder a "rea-

[1] Presumably this motion also was denied for supposed lack of legal right in plaintiff. The record does not indicate that any discretion was exercised or that the "reasonable rental value of the barges" was passed upon.

[2] It awarded "the amount of the verdict * * * with interest * * * and costs," without mention of amount of costs, and without blank for the insertion thereof.

sonable time, not exceeding 12 days after sale," in which to remove the coal from the barges, should the purchaser so desire, upon payment of "the reasonable rental" of "$10 for each barge per day from date of sale." The reasons for sale, as recited in the order therefor, included not only the perishable nature of the property, but "the expenses of keeping the same." This, in connection with the requirement that rental be paid by the purchaser, not unreasonably suggests a recognition of the possible existence of storage expenses.

The entry of the judgment of the District Court, which in terms awarded plaintiff costs, gave each party leave to file bill of exceptions within a certain period after the close of that term, and reserved full jurisdiction respecting the allowance of bills of exceptions. Writ of error from this court was taken out 10 days later. This court affirmed the judgment below on April 11, 1919; mandate, however, being stayed at defendant's request to allow application to the Supreme Court for writ of certiorari, and the stay was still operative when defendant filed bill in the court below to restrain collection of the judgment. This court, on January 6, 1920, reversed the order of the District Court which allowed temporary injunction, and directed the dismissal of the bill (262 Fed. 465, 472), later staying mandate pending application to the Supreme Court for writ of certiorari, which was denied by that court on March 22, 1920. 252 U. S. 582, 40 Sup. Ct. 393, 64 L. Ed. 727. On the next day plaintiff herein, in writing, reminded the marshal of the former claim made for rental, and requested payment out of the proceeds of the sale of the coal. This not having been done, the motion for recovery of such rental as costs was entered four days later. The motion was denied on June 29th; the motion for distribution, before referred to, was entered on July 26th, and was denied August 16th then next. It thus appears that there was no unreasonable delay on plaintiff's part in seeking recovery of barge rentals before the issue of the first writ of error from this court, inasmuch as the question of jurisdiction in the District Court was involved therein (257 Fed. at page 892, 169 C. C. A. 40), and lack of jurisdiction would have defeated the right to rental recovery. The same considerations applied pending the suit to restrain collection of the judgment. Plaintiff has plainly exercised a high degree of diligence in the assertion of claim to rentals.

[2] 2. The District Court having denied plaintiff's applications for compensation not in the exercise of a judicial discretion, but for a supposed lack of legal right to entertain or allow them, its action is reviewable. In re Mich. Central Railroad (C. C. A. 6) 124 Fed. 727, 59 C. C. A. 643; Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157.

[3] 3. While it seems to us the District Court had jurisdiction to entertain and act upon plaintiff's applications and tax the rental value as costs, yet, in any event, plaintiff was, in our opinion, clearly entitled to have the reasonable value of such use ascertained and allowed in the distribution of the proceeds of the sale, unless his right thereto is concluded by the judgment for damages. The practice in the attachment suit was governed by the Ohio statutes on that sub-

ject, which provide for selling the attached property when for the benefit of the parties "because of its perishable nature or the cost of its keeping." G. C. Ohio, § 11843. Presumably the District Court acted under this statute. The expenses of preserving, storing and selling attached property are payable out of the proceeds thereof. McLain v. Simington, 37 Ohio St. 660; Ramsay v. Overaker, 1 Disn. (Ohio) 571. The incidental fact that plaintiff himself provided the place of storage should not be enough to deny right to reasonable compensation. Had the use of plaintiff's barges not been permitted, the marshal must have made other provision of some kind at the expense of the property stored. The marshal can thus not be said to have been an involuntary party.

As already seen, the court by its order of sale expressly reserved control over the disposition of the fund, and that control has never ceased, the entire gross proceeds being still in the custody of the court for distribution. We see no reason, on either principle or authority, why the expenses of storage may not properly be allowed at any time previous to actual distribution and as incident thereto, by analogy to the practice in receivership and assignment cases. See G. C. Ohio, § 11842; Owens v. Ramsdell, 33 Ohio St. 439; Carpenter v. Dick, 41 Ohio St. 295.

[4] 4. The question remains whether plaintiff's right to recover the barge rentals in question is concluded by the judgment in his favor in the main suit. There are considerations which, standing alone, would at first blush lend color to this claim: Plaintiff alleges in his petition that by reason of the breach of his contract for coal carriage he has "sustained and is sustaining an actual daily loss of $225 per day" from the time performance of his contract was to begin, and that he will "continue to do so until and unless the defendant performs its part" of the carriage agreement, and that his equipment therefor, which includes the barges here in question, is necessary to the proper and full performance of the contract, and that he cannot use any portion thereof for any other purposes or for any other service without rendering himself unable to perform that contract. But the petition does not, in our opinion, claim the rental value of the barges as the measure of recovery; if it did, such was neither the correct nor the permitted measure, which, as properly given to the jury, consisted, first, of reasonable expenses necessary to the performance of the contract (which we construe as meaning preparation for performance), the items thereof, so far as referred to in that connection, being expenditures in the hiring of a digger and in preparing a boat or scow for such use; and, second, profits measured by the "difference between the cost of doing the work and what he [plaintiff] was to receive for doing it." The charge submitted plaintiff's theory of loss of profits as the difference between a daily gross earning estimated by plaintiff at $350, less a daily expense, similarly estimated at $125, leaving a daily net profit of $225 during the entire year the contract was to run.

As the case was submitted, the statements in the petition regarding the need of the barges and plaintiff's inability to use them otherwise than in performing the contract in question were merely incidental to

the question of damages, except so far as they may be considered as an unnecessary assertion that plaintiff could not have reduced his damages by using his outfit for other purposes—unnecessary because defendant carried the burden of proof on the subject of minimizing damages. Campfield v. Sauer (C. C. A. 6) 189 Fed. 576, 580, 111 C. C. A. 14, 38 L. R. A. (N. S.) 837. Moreover, the jury was expressly and properly instructed to reduce the recovery to which the plaintiff would otherwise be entitled by deducting therefrom whatever amount plaintiff could have earned by reasonable effort and reasonable expense not in fact resorted to. Not only was the question whether plaintiff had used due effort to minimize his damages within the issues under the evidence generally, but the specific fact of the attachment of the coal appeared in evidence, and plaintiff testified that—

"He was getting $10 per day for each barge containing the coal attached on the order of the court beginning December 4th."

Whether or not defendant then actually knew that plaintiff was claiming rentals from the marshal, the record was such as to permit defendant to claim, and the jury to find, that plaintiff should be charged with such rentals. If defendant failed to make such claim because not to its interest to do so, or for any other reason, it gains nothing thereby. In our opinion the recovery must be held, as matter of law, not to have included the rentals which accrued not only after performance by plaintiff was begun, but after actual performance had ceased on account of defendant's alleged refusal to permit further performance on plaintiff's part. The size of the verdict, which was less than one-eighth of the amount plaintiff claimed, is not out of harmony with this conclusion.

5. It follows that the court below was in error in so dismissing plaintiff's claim for compensation. Its action is accordingly reversed, and the record remanded, with directions to ascertain, under appropriate evidence, the amount of reasonable compensation which plaintiff should receive for the use of the barges, and to allow the same to him in connection with the distribution of the proceeds of the sale of the attached coal.